Commonwealth ex rel. Spensky, Appellant, *v.* Maroney.

Argued January 6, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Hubert I. Teitelbaum,* with him *Martin M. Sheinman,* for appellant.

*Edwin J. Martin,* Assistant District Attorney, with him *Robert W. Duggan,* District Attorney, for appellees.

Opinion by Mr. Justice Cohen, March 21, 1967:

This is an appeal under Rule 69 from the order of the Superior Court reversing the order of the Court of Common Pleas of Allegheny County, which had granted relator's petition for a writ of habeas corpus.

On June 19, 1940, relator entered a plea of nolo contendere to charges of armed robbery and assault with intent to commit armed robbery. He was sentenced to undergo imprisonment on each charge for a period of five to ten years, to be served consecutively. Relator was committed on May 24, 1940 and was released on parole exactly ten years later. On August 3,

1953, relator was convicted of a crime in Ohio and after serving a jail sentence in that state, returned to prison in Pennsylvania as a parole violator. Relator was again released on parole on February 24, 1960 and was again convicted of crimes in Washington and Armstrong Counties. He was sentenced to serve concurrent terms of one to two years to begin at the expiration of the balance of the twenty year sentence imposed in 1940.

The petition attacks the validity of the 1940 judgment and sentence because of the lack of effective assistance of counsel. Relator testified that he was brought into court without counsel; that he advised the assistant district attorney that he was not guilty and wanted a jury trial; that thereupon the court motioned to an attorney present in the courtroom and appointed him to represent relator; that this lawyer offered him no assistance; and that the assistant district attorney induced him to sign a plea of nolo contendere by representing it as a "special" plea on which he would be sentenced to only two to four years.

We believe that ample evidence was presented at the habeas corpus hearings to sustain the conclusions of the lower court. The Superior Court's opinion stresses the issue of the guilt or innocence of the relator. But that is unimportant in this context. Here, we are concerned only with the validity of relator's confinement, not with his guilt. Therefore, we believe that the lower court properly granted the writ.

We believe, however, that the lower court exceeded its authority by determining that the dates of computation of the sentences imposed by the courts of Washington and Armstrong Counties be from the respective dates of imposition. Pursuant to the Act of May 25, 1951, P. L. 415, §3, 12 P.S. §1903, "where relator is undergoing detention or confinement as the result of conviction and sentence upon a criminal charge, relator

shall present his petition to a judge of the judicial district wherein he was convicted and sentenced. . . ." This act establishes venue in habeas corpus proceedings involving persons under confinement following conviction of crime in the courts wherein such persons were convicted and sentenced. Although it is generally recognized that improper venue may be waived by a failure to raise an objection thereto at the appropriate time (1 Standard Pennsylvania Practice 694), in this situation the Commonwealth was not given the opportunity to object because petitioner did not pray for relief from the sentences in Washington and Armstrong Counties. Not until the lower court mentioned the two out-of-county sentences in its written opinion pertaining to that incarceration, did the question arise. Furthermore, the Superior Court did not reach this issue because it determined that the 1940 sentence was valid and never had to decide the question of venue. We, however, are faced with the issue and decide that a waiver analysis is not applicable. As applied to the instant case, relator may raise the question of the validity of the sentence imposed by the Allegheny County Court only in Allegheny County. That confinement and sentence have been declared invalid as of January 24, 1966, when the lower court granted the writ. Since relator was under two concurrent one-to-two-year sentences, imposed by the courts of two different judicial districts, to commence upon the expiration of the Allegheny County sentence, relator, at the very latest, began to serve those sentences as of the date the Allegheny County court granted the writ of habeas corpus. If he wishes to attack either sentence, he must do so in the court which imposed it. Furthermore, inasmuch as he has served the minimum term of each sentence, he may also apply to the Board of Parole to release him on parole. Act of August 6, 1941, P. L. 861, §21, as amended, 61 P.S. §333.21.

The order of the Superior Court is reversed and the order of the Court of Common Pleas of Allegheny County is reinstated as modified herein.

———

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I concur with the majority's conclusion that the Superior Court erred in reversing the trial court's decision voiding relator's Allegheny County sentence. I am unable, however, to accept the majority's view with regard to the Washington and Armstrong County sentences.

Both the latter two sentences were to commence at the expiration of the Allegheny County sentence. Since that sentence must now be considered void, there is no alternative, as I view this record, to considering the Washington and Armstrong sentences as running from the respective dates of their imposition. Of course, if appellant was imprisoned for any time between his arrest for and sentencing on the Washington and Armstrong offenses, he is entitled to credit for that confinement in accordance with the normal rules.

Whatever the strict technical propriety of inclusion by the court of common pleas in its order of a statement that the computation of the Washington and Armstrong sentences must begin as of their dates of imposition, I see nothing but delay and the needless expenditure of time and resources by two additional courts which will result from the second part of the majority's opinion. That should be reason enough for this Court to desist from the quibble in which the majority opinion indulges. In addition, however, this Court has the power to enter an order directing the time from which the Washington and Armstrong sentences should begin, Act of June 16, 1836, P. L. 784,

§1, 17 P.S. §41, and I see no reason why in this case, at least, it should not do so.

I therefore dissent from that part of the majority's opinion which modifies the order of the court below.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent and would affirm the Order of the Superior Court.